IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-42638-TLS |
| | ) | |
| RYAN S. LEMBKE and | ) | CH. 12 |
| LACIE S. LEMBKE, | ) | |
| | ) | |
| Debtors. | ) | |
| IN THE MATTER OF: | ) | CASE NO. BK09-40342-TLS |
| | ) | |
| LEMBKE LAND & LIVESTOCK COMPANY, | ) | CH. 12 |
| | ) | |
| Debtor. | ) | **JOINTLY ADMINISTERED** |

### ORDER

Hearing was held in Lincoln, Nebraska, on June 3, 2009, on Debtors' Motion for Sanctions for Violation of Automatic Stay against Dalton Hydro, LLC and Steve M. Harmsen (Fil. #156), and a Resistance by Dalton Hydro, LLC and Stephen M. Harmsen (Fil. #173). In addition to the motion and resistance, various responses were filed (Fils. #174, #182, #184). Philip M. Kelly appeared on behalf of the jointly administered Debtors, and James M. Carney appeared for Dalton Hydro, LLC ("Dalton") and Stephen M. Harmsen ("Harmsen").

The proceedings with respect to the pending motion for sanctions are, at best, convoluted and incomplete. As discussed below, this Court cannot grant the motion based on the record presented. Therefore, Debtors shall have until June 30, 2009, to request a trial date or the motion will be denied.

Briefly stated, on or about June 22, 2008, Ryan and Lacie Lembke, together with Ryan's parents, Myron and Elmeda Lembke, as sellers, entered into a written agreement with "Steve Harmsen" to sell certain described real and personal property. The "Steve" Harmsen listed as purchaser in the agreement is apparently the father of the "Steve M. Harmsen" (also referred to as "Stephen M. Harmsen") involved in the pending motion and resistance. The property included the home where some or all of the Lembkes lived, as well as a feedlot, agricultural land, and equipment related thereto. On July 29, 2008, a closing was held and the real estate was transferred to an intermediary ("#193 Pioneer Exchange Accomodation[sic] Titleholder, LLC, an Idaho Limited Liability Company") for purposes of allowing the buyer to effectuate a deferred tax-free exchange. Apparently, some sort of verbal arrangement was reached whereby the Lembkes could stay in possession of the property until some undetermined point in 2009. The terms of that arrangement are simply impossible to discern from the evidence presented.

On November 6, 2008, Ryan and Lacie Lembke filed this Chapter 12 bankruptcy proceeding. Evidently, at some point in 2009, negotiations between the Lembkes and the buyer (now owner) of the property for continued possession reached an impasse and the time came for the Lembkes to leave the property.

In April 2009, the Lembkes were moving what they believed to be their personal property from the real estate to new real estate they had leased. Disputes arose between the Lembkes and Steve M. Harmsen as to what property could be removed. Apparently, Steve Harmsen turned control of the

property over to his son, Steve M. Harmsen. The Harmsens appear to be doing business now under the name of Dalton Hydro, LLC, although there is some dispute as to the ability of that entity to do business in Nebraska. In any event, the ultimate dispute was between the Lembkes and Mr. Harmsen, the son.

On Friday, April 10, 2009, Mr. Harmsen caused his attorneys to file (in the name Dalton Hydro, LLC) an action in the District Court of Morrill County, Nebraska, seeking imposition of a temporary restraining order against all of the Lembkes, as well as a temporary injunction to prevent further removal of personal property. On that same date, the district court judge in Morrill County entered a temporary restraining order prohibiting the further removal of any personal property and set a hearing for the temporary injunction to be heard on Tuesday, April 14, 2009. At the time of the hearing, a dismissal of that case was filed as to Ryan and Lacie Lembke, though Myron and Almeda remained parties. Further, an agreement was reached whereby all personal property could be released from the temporary restraining order, with two exceptions. The district court was left to decide whether to continue the injunction as to the remaining items of personal property.

On April 18, 2009, the District Court of Morrill County entered its temporary injunction enjoining all of the named defendants from removing a certain mobile home located on the property and releasing the remainder of the restraining order. Subsequently, Mr. Kelly filed a motion to alter or amend that judgment to, among other reasons, clarify that it did not apply to Ryan and Lacie Lembke due to their dismissal from the case as a result of their bankruptcy filing. Presumably, that motion was ultimately granted.

Debtors' position is that Mr. Harmsen was aware of the bankruptcy filing and violated the bankruptcy stay by filing the action in the District Court of Morrill County against Debtors. Debtors further assert that they were damaged as a result of that stay violation due to the inability to deliver some straw and to get veterinary attention for a cow during those few days when the restraining order remained in effect. The Lembkes further claim that Mr. Harmsen continued to violate the stay even after dismissal of the Lembkes by interfering with their efforts to remove their personal property and complained that Mr. Harmsen collected rents from other tenants on the property, shut off utilities, and took other actions with respect to the real estate.

Mr. Harmsen asserts that he was unaware of the bankruptcy filing until Monday, April 13, 2009, which was after the case was filed in the District Court of Morrill County. The case was dismissed as to Ryan and Lacie Lembke promptly thereafter. Further, Mr. Harmsen's attorney asserts that he assured Debtors' attorneys on Monday, April 13, 2009 (as soon as he was aware of the bankruptcy) that he would dismiss Ryan and Lacie Lembke from the case. He felt that assurance was something counsel for the Lembkes could have relied upon to avoid further expenditure of time and effort considering their past history of working together on legal issues.

This proceeding has a myriad of factual issues that prevent the granting of the motion based solely on the affidavit evidence that was presented. The affidavits are in direct conflict with respect to when Mr. Harmsen became aware of the bankruptcy filing. Mr. Harmsen submits in his own affidavit (Fil. #166) that he was not aware of the bankruptcy until April 13, 2009. Ryan Lembke asserts in his affidavit (Fil. #180) that he had discussions with Mr. Harmsen about the bankruptcy filing in March. Another factual dispute involves the attorneys. Mr. Carney submitted an affidavit (Fil. #181) stating that on Monday, April 13, 2009, he became aware of the proceedings in Morrill County filed by one of his

law partners. He recognized the Lembke name and knew they were in bankruptcy. Therefore, Mr. Carney immediately informed Mr. Kelly that he intended to dismiss the proceedings as to Ryan and Lacie Lembke. On the other hand, Mr. Kelly asserts in his affidavit that he did not get any assurance about dismissal until Tuesday, April 14, 2009. Thus, he had to prepare for the legal issues involving Ryan and Lacie Lembke.

Accordingly, there are factual issues as to when Mr. Harmsen became aware of the bankruptcy by Ryan and Lacie Lembke as well as factual issues as to when Mr. Harmsen's lawyers agreed to dismiss the case. Further factual issues exist as to the amount of work that counsel for the Lembkes had to incur as a result of the temporary restraining order, temporary injunction, and other actions taken by Mr. Harmsen and Dalton. Factual issues also remain as to any damages that might have resulted from any stay violation.

In addition to a multitude of factual issues, there are many legal issues to be addressed. The relevance of much of the affidavit testimony is questionable. Also, the parties have not addressed the impact, if any, that 11 U.S.C. § 365(d) might have on the existence or termination of the automatic stay. Further, there are subsections of 11 U.S.C. § 362(b) that could have a bearing on the automatic stay issue.

Due to the disputed factual issues, this matter cannot be decided based upon the record in front of this Court. Frankly, it seems that the parties have already spent enough time, effort, legal fees, and related expenses fighting with each other. If for some reason Debtors desire to continue expending resources pursuing the motion, this Court will grant Debtors until June 30, 2009, to request a trial in connection with this matter. If a trial is requested, the parties will be expected to stipulate as to any undisputed facts, analyze and present evidence through live testimony as to any disputed facts, and to present a stipulation and/or legal argument as to all applicable legal issues, including the existence and operation of the automatic stay, whether the stay expired, whether the occupancy arrangement was a lease, and whether that lease was rejected (to the extent they determine such issues to be relevant).

IT IS, THEREFORE, ORDERED that Debtors Ryan and Lacie Lembke shall have until 5:00 p.m. on June 30, 2009, to request a trial in connection with this matter. If no request for a trial date is filed, the Motion (Fil. # 156) will be denied. This Order shall not be deemed final for purposes of appeal.

DATED: June 11, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Philip M. Kelly
    James M. Carney
    James A. Overcash
    U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.